# U.S. District Court
## Southern District of Iowa (Eastern)
## CIVIL DOCKET FOR CASE #: 3:23–cv–00073–SMR–WPK
### *Internal Use Only*

Cohen v. Iowa City, Iowa et al
Assigned to: Chief Judge Stephanie M. Rose
Referred to: Magistrate Judge William P. Kelly
 Case in other court:  8th CCA, 24–02805
Cause: 42:1983dp Civil Right Denial of Due Process

Date Filed: 10/31/2023
Date Terminated: 08/21/2024
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

| | | |
|---|---|---|
| **Emily Cohen** | represented by | **Emily Cohen** |
| | | 820 Maggard St. |
| | | Iowa City, IA 52240 |
| | | 319–541–4577 |
| | | Email: emilycohenboulder@gmail.com |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Waived or Self (Pro Se)* |

V.

**Defendant**

| | | |
|---|---|---|
| **Iowa City, Iowa** | represented by | **Elizabeth J. Craig** |
| *an Iowa municipality* | | IOWA CITY CITY ATTORNEY |
| | | 410 E WASHINGTON |
| | | IOWA CITY, IA 52240 |
| | | 319–356–5030 |
| | | Email: lcraig@iowa–city.org |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Retained* |
| | | |
| | | **Jennifer L. Schwickerath** |
| | | IOWA CITY CITY ATTORNEY |
| | | 410 E WASHINGTON |
| | | IOWA CITY, IA 52240 |
| | | 319–356–5030 |
| | | Email: jennifer–schwickerath@iowa–city.org |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Retained* |

**Defendant**

| | | |
|---|---|---|
| **Johnson County Sheriff's Department** | represented by | **Wilford H. Stone** |
| | | LYNCH DALLAS PC |
| | | 526 SECOND AVE SE |
| | | PO BOX 2457 |
| | | CEDAR RAPIDS, IA 52406–2457 |

319–365–9101
Fax: 319–365–9512
Email: wstone@lynchdallas.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Daniel Mark Morgan**
LYNCH DALLAS PC
526 SECOND AVE SE
PO BOX 2457
CEDAR RAPIDS, IA 52406–2457
319–365–9101
Fax: 319–365–9512
Email: dmorgan@lynchdallas.com
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Defendant**

**Johnson County, Iowa**               represented by   **Wilford H. Stone**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Daniel Mark Morgan**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Defendant**

**Ian Alke**               represented by   **Elizabeth J. Craig**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Jennifer L. Schwickerath**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Defendant**

**Michael Hynes**               represented by   **Wilford H. Stone**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Daniel Mark Morgan**
(See above for address)

*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Defendant**

**John Good**                                    represented by   **Wilford H. Stone**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Daniel Mark Morgan**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Defendant**

**Demetrius Marlowe**                            represented by   **Wilford H. Stone**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Daniel Mark Morgan**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Defendant**

**Janet Lyness**                                 represented by   **Wilford H. Stone**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Daniel Mark Morgan**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Defendant**

**Rachel Zimmerman Smith**                       represented by   **Wilford H. Stone**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Daniel Mark Morgan**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Defendant**

**Susi Nehring**                        represented by    **Wilford H. Stone**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*
                                                          *Designation: Retained*

                                                          **Daniel Mark Morgan**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*
                                                          *Designation: Retained*

**Defendant**

**David Van Compernolle**               represented by    **Wilford H. Stone**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*
                                                          *Designation: Retained*

                                                          **Daniel Mark Morgan**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*
                                                          *Designation: Retained*

**Defendant**

**Does**
*Iowa*

**Defendant**

**Boulder, Colorado**                   represented by    **Brandon Wayne Lobberecht**
*a Colorado municipality*                                 BETTY NEUMAN & MCMAHON PLC
                                                          1900 EAST 54TH STREET
                                                          DAVENPORT, IA 52807
                                                          563–326–4491
                                                          Fax: 563–326–4498
                                                          Email: brandon.lobberecht@bettylawfirm.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*
                                                          *Designation: Retained*

                                                          **Luis Toro**
                                                          BOULDER CITY ATTORNEY'S OFFICE
                                                          1777 BROADWAY
                                                          BOULDER, CO 80302
                                                          303–441–3020
                                                          Email: torol@bouldercolorado.gov
                                                          *PRO HAC VICE*
                                                          *ATTORNEY TO BE NOTICED*
                                                          *Designation: Retained*

**Defendant**

**Boulder County Sheriff's Office**

**Defendant**

**Boulder County, Colorado**

**Defendant**

**Andrew Hartman**

**Defendant**

**Anne Kelly**

**Defendant**

**Michael Dougherty**                    represented by    **Benjamin R. Merrill**
BROWN WINICK
666 GRAND AVENUE
SUITE 2000
DES MOINES, IA 50309
515–242–2487
Fax: 515–323–8587
Email: ben.merrill@brownwinick.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Colin James Mayberry**
BOULDER COUNTY ATTORNEY'S
OFFICE
P.O. BOX 471
BOULDER, CO 80306
303–441–3855
Email: cmayberry@bouldercounty.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**David Hughes**
BOULDER COUNTY ATTORNEY'S
OFFICE
P.O. BOX 471
BOULDER, CO 80306
303–441–3190
Email: dhughes@bouldercounty.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Defendant**

**Michelle Sudano**

**Defendant**

**Adam Kendall**                    represented by    **Benjamin R. Merrill**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*
                                                      *Designation: Retained*

                                                      **Colin James Mayberry**
                                                      (See above for address)
                                                      *PRO HAC VICE*
                                                      *ATTORNEY TO BE NOTICED*
                                                      *Designation: Retained*

                                                      **David Hughes**
                                                      (See above for address)
                                                      *PRO HAC VICE*
                                                      *ATTORNEY TO BE NOTICED*
                                                      *Designation: Retained*

**Defendant**

**Kristine Weisbach**

**Defendant**

**Chris Merkle**

**Defendant**

**Elizabeth Rothrock**

**Defendant**

**Thomas Mulvahill**

**Defendant**

**Nancy Salamone**

**Defendant**

**Steven Howard**                   represented by    **Michael R. Reck**
                                                      BELIN MCCORMICK, P.C.
                                                      666 WALNUT STREET
                                                      SUITE 2000
                                                      DES MOINES, IA 50309–3989
                                                      515–283–4645
                                                      Fax: 515–558–0645
                                                      Email: mrreck@belinmccormick.com
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*
                                                      *Designation: Retained*

                                                      **Amy Colony**

COLORADO DEPARTMENT OF LAW
1300 BROADWAY
8TH FLOOR
DENVER, CO 80203
720–508–6615
Fax: 720–508–6032
Email: amy.colony@coag.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Lauren Davison**
COLORADO ATTORNEY GENERAL
1300 BROADWAY
10th FLOOR
DENVER, CO 80203
720–508–6631
Email: Lauren.Davison@coag.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Paxton J. Williams**
BELIN MCCORMICK, P.C.
666 WALNUT STREET
SUITE 2000
DES MOINES, IA 50309–3989
515–283–4638
Email: pjwilliams@belinmccormick.com
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Defendant**

**Dinsmore Tuttle**

**Defendant**

**Gregory Lyman**

**Defendant**

**Lindy Frolich**                    represented by   **Michael R. Reck**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Paxton J. Williams**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Sarah Quigley**

COLORADO DEPARTMENT OF LAW
1300 BROADWAY
8TH FLOOR
DENVER, CO 80203
720–508–6407
Email: sarah.quigley@coag.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Defendant**

**Darren Cantor**                    represented by  **Michael R. Reck**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*
                                                      *Designation: Retained*

                                                      **Paxton J. Williams**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*
                                                      *Designation: Retained*

                                                      **Sarah Quigley**
                                                      (See above for address)
                                                      *PRO HAC VICE*
                                                      *ATTORNEY TO BE NOTICED*
                                                      *Designation: Retained*

**Defendant**

**Mary Claire Mulligan**

**Defendant**

**Will Mulligan**

**Defendant**

**Robert Werking**

**Defendant**

**Kathleen Sinnot**

**Defendant**

**Stanley Garnett**

**Defendant**

**Alec Garnett**

**Defendant**

**Jane Walsh**

**Defendant**

**Kati Rothgery**

**Defendant**

**Does**
*Colorado*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/31/2023 | 1 | COMPLAINT against All Defendants, filed by Emily Cohen. Notice of Dismissal for lack of Service deadline set for 1/29/2024. Rule 16 Notice of Dismissal set for 1/29/2024. (nla) (Entered: 10/31/2023) |
| 10/31/2023 | 2 | Summons Issued to plaintiff Emily Cohen. Hand delivered at Clerk's Office counter in Davenport. (kjw) (Entered: 10/31/2023) |
| 10/31/2023 | | Filing fee: $ 402.00, receipt number #26676 by Emily Cohen. (kjw) (Entered: 10/31/2023) |
| 11/21/2023 | 3 | ***FIELD IN ERROR***NOTICE of Appearance by Benjamin R. Merrill on behalf of Boulder County Sheriff's Office, Boulder County Colorado, Anne Kelly, Michelle Sudano, Kristin Weisbach, Chris Merkle, Jane Walsh, and Stan Garnett. (Merrill, Benjamin) . Modified on 11/21/2023 Attorney called in to request (btg). (Entered: 11/21/2023) |
| 11/21/2023 | 4 | NOTICE of Appearance by Benjamin R. Merrill on behalf of All Defendants (Merrill, Benjamin) (Entered: 11/21/2023) |
| 11/21/2023 | 5 | MOTION for Leave to Appear Pro Hac Vice Receipt Number: AIASDC−5303148 Fee paid in the amount of $100. by Michael Dougherty, Adam Kendall. (Hughes, David) (Entered: 11/21/2023) |
| 11/21/2023 | 6 | MOTION for Leave to Appear Pro Hac Vice Receipt Number: AIASDC−5303175 Fee paid in the amount of $100. by Michael Dougherty, Adam Kendall. (Mayberry, Colin) (Entered: 11/21/2023) |
| 11/21/2023 | 7 | MOTION for Extension of Time to File *Answer or Otherwise Respond* by Adam Kendall.Motions referred to William P. Kelly. Responses due by 12/5/2023. (Merrill, Benjamin) (Entered: 11/21/2023) |
| 11/21/2023 | 8 | MOTION for Extension of Time to File *Answer or Otherwise Respond* by Michael Dougherty.Motions referred to William P. Kelly. Responses due by 12/5/2023. (Merrill, Benjamin) (Entered: 11/21/2023) |
| 11/22/2023 | 9 | TEXT ORDER granting 7 and 8 Motions for Extension of Time to File an Answer or Otherwise Respond. The Court finds good cause to extend Defendants Michael Dougherty's and Adam Kendall's deadlines to file an answer or otherwise respond to 12/22/2023. Signed by Magistrate Judge William P. Kelly on 11/22/2023. (djs) (Entered: 11/22/2023) |
| 11/22/2023 | 10 | Errata *Amended D Hughes Motion for Admission Pro Hac Vice* re 5 Motion for Leave to Appear Pro Hac Vice filed by Michael Dougherty, Adam Kendall. (Merrill, Benjamin) (Entered: 11/22/2023) |

| | | |
|---|---|---|
| 11/22/2023 | 11 | TEXT ORDER granting 5 Motion for Leave to Appear Pro Hac Vice David Hughes; granting 6 Motion for Leave to Appear Pro Hac Vice Colin Mayberry. Signed by Magistrate Judge William P. Kelly on 11/22/2023. (nla) (Entered: 11/22/2023) |
| 11/24/2023 | 12 | NOTICE of Appearance by Paxton J. Williams on behalf of Darren Cantor, Lindy Frolich (Williams, Paxton) (Entered: 11/24/2023) |
| 11/24/2023 | 13 | MOTION for Extension of Time to File Answer re 1 Complaint by Darren Cantor, Lindy Frolich.Motions referred to William P. Kelly. (Williams, Paxton) (Entered: 11/24/2023) |
| 11/24/2023 | 14 | NOTICE of Appearance by Michael R. Reck on behalf of Darren Cantor, Lindy Frolich (Reck, Michael) (Entered: 11/24/2023) |
| 11/27/2023 | 15 | TEXT ORDER granting 13 Motion for Extension of Time to File an Answer or Otherwise Respond. The Court finds good cause to extend Defendants Lindy Frolich's and Darren Cantor's deadlines to file an answer or otherwise respond to 12/26/2023. Signed by Magistrate Judge William P. Kelly on 11/27/2023. (djs) (Entered: 11/27/2023) |
| 11/29/2023 | 16 | NOTICE of Appearance by Paxton J. Williams on behalf of Steven Howard (Williams, Paxton) (Entered: 11/29/2023) |
| 11/29/2023 | 17 | MOTION for Extension of Time to File Answer re 1 Complaint by Steven Howard.Motions referred to William P. Kelly. (Williams, Paxton) (Entered: 11/29/2023) |
| 11/29/2023 | 18 | NOTICE of Appearance by Michael R. Reck on behalf of Steven Howard (Reck, Michael) (Entered: 11/29/2023) |
| 11/29/2023 | 19 | TEXT ORDER granting 17 Motion for Extension of Time to File an Answer or Otherwise Respond. The Court finds good cause to extend Defendant Howard's deadline to answer or otherwise respond to 12/29/2023. Signed by Magistrate Judge William P. Kelly on 11/29/2023. (djs) (Entered: 11/29/2023) |
| 12/07/2023 | 20 | MOTION to Register for CM/ECF by Emily Cohen. Motion referred to William P. Kelly. Responses due by 12/21/2023. (bp) (Entered: 12/07/2023) |
| 12/11/2023 | 21 | TEXT ORDER. Pursuant to Local Rule 5A, the Court grants 20 Plaintiff's Pro Se Motion to Register for CM/ECF and permission to file documents electronically. Plaintiff must comply with all Federal and Local Rules, including those governing Electronic Filing and Electronic Access to Case Files. A copy of the Local Rules and other filing materials are available on the Court's website and from the Clerk of Court. Plaintiff shall contact the Clerks Office, 515−284−6385, to set up an account for electronic filing. Signed by Magistrate Judge William P. Kelly on 12/11/2023. (djs) (Entered: 12/11/2023) |
| 12/15/2023 | 22 | MOTION for Leave to Appear Pro Hac Vice Receipt Number: AIASDC−5324196 Fee paid in the amount of $100. by Steven Howard. (Williams, Paxton) (Entered: 12/15/2023) |
| 12/15/2023 | 23 | MOTION for Leave to Appear Pro Hac Vice Receipt Number: AIASDC−5324215 Fee paid in the amount of $100. by Steven Howard. (Williams, Paxton) (Entered: 12/15/2023) |
| 12/15/2023 | 24 | |

| | | TEXT ORDER granting 22 Motion for Leave to Appear Pro Hac Vice Amy Colony; granting 23 Motion for Leave to Appear Pro Hac Vice Lauren Davison. Signed by Magistrate Judge William P. Kelly on 12/15/2023. (btg) (Entered: 12/15/2023) |
|---|---|---|
| 12/21/2023 | 25 | MOTION for Leave to Appear Pro Hac Vice Receipt Number: AIASDC−5328135 Fee paid in the amount of $100. by Darren Cantor, Lindy Frolich. (Williams, Paxton) (Entered: 12/21/2023) |
| 12/21/2023 | 26 | TEXT ORDER granting 25 Motion for Leave to Appear Pro Hac Vice Sarah Quigley. Signed by Magistrate Judge William P. Kelly on 12/21/2023. (btg) (Entered: 12/21/2023) |
| 12/21/2023 | 27 | MOTION to Dismiss by Michael Dougherty, Adam Kendall. Responses due by 1/4/2024. (Attachments: # 1 Brief in Support Michael Dougherty and Adam Kendall's Brief in Support of Motion to Dismiss)(Mayberry, Colin) (Entered: 12/21/2023) |
| 12/21/2023 | 28 | Second MOTION for Extension of Time to File Answer *or Otherwise Respond* by Darren Cantor, Lindy Frolich.Motions referred to William P. Kelly. (Williams, Paxton) (Entered: 12/21/2023) |
| 12/21/2023 | 29 | TEXT ORDER granting 28 Second Motion for Extension of Time to Answer or Otherwise Respond. The Court finds good cause to extend Defendant Lindy Frolich's and Defendant Darren Cantor's time to answer or otherwise respond to 12/29/2023. Signed by Magistrate Judge William P. Kelly on 12/21/2023. (djs) (Entered: 12/21/2023) |
| 12/29/2023 | 30 | MOTION to Dismiss for Lack of Jurisdiction *and Motion for A More Definite Statement* by Darren Cantor, Lindy Frolich, Steven Howard. Responses due by 1/12/2024. (Davison, Lauren) (Entered: 12/29/2023) |
| 12/29/2023 | 31 | BRIEF In Support of Motion to Dismiss by Darren Cantor, Lindy Frolich, Steven Howard re 30 MOTION to Dismiss for Lack of Jurisdiction *and Motion for A More Definite Statement* . (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N)(Davison, Lauren) (Entered: 12/29/2023) |
| 01/31/2024 | 32 | NOTICE of Appearance by Wilford H. Stone on behalf of John Good, Michael Hynes, Johnson County Sheriff's Department, Johnson County, Iowa, Janet Lyness, Demetrius Marlowe, Susi Nehring, Rachel Zimmerman Smith, David Van Compernolle (Stone, Wilford) (Entered: 01/31/2024) |
| 01/31/2024 | 33 | NOTICE of Appearance by Daniel Mark Morgan on behalf of John Good, Michael Hynes, Johnson County Sheriff's Department, Johnson County, Iowa, Janet Lyness, Demetrius Marlowe, Susi Nehring, Rachel Zimmerman Smith, David Van Compernolle (Morgan, Daniel) (Entered: 01/31/2024) |
| 01/31/2024 | 34 | NOTICE of Appearance by Elizabeth J. Craig on behalf of Ian Alke, Iowa City, Iowa (Craig, Elizabeth) (Entered: 01/31/2024) |
| 01/31/2024 | 35 | NOTICE of Appearance by Jennifer L. Schwickerath on behalf of Ian Alke, Iowa City, Iowa (Schwickerath, Jennifer) (Entered: 01/31/2024) |
| 02/02/2024 | 36 | MOTION for Extension of Time to File Answer re 1 Complaint by John Good, Michael Hynes, Johnson County Sheriff's Department, Johnson County, Iowa, Janet Lyness, Demetrius Marlowe, Susi Nehring, Rachel Zimmerman Smith, David Van |

| | | |
|---|---|---|
| | | Compernolle.Motions referred to William P. Kelly. (Stone, Wilford) (Entered: 02/02/2024) |
| 02/02/2024 | 37 | TEXT ORDER granting 36 Johnson County Defendants' Motion for Additional Time to Answer and/or Respond to Complaint. Plaintiff opposes this request. The Court finds good cause to extend the deadline to answer or otherwise respond to the Complaint 1 to 3/29/2024, for the following Defendants: Johnson County Sheriff's Department; Johnson County, Iowa; Michael Hynes; John Good; Demetrius Marlowe; Janet Lyness; Rachel Zimmerman−Smith; Susie Nehring; and David VonCompernolle. Signed by Magistrate Judge William P. Kelly on 2/2/2024. (djs) (Entered: 02/02/2024) |
| 02/02/2024 | 38 | MOTION for Extension of Time to File Answer *re Complaint* by Ian Alke, Iowa City, Iowa.Motions referred to William P. Kelly. (Craig, Elizabeth) (Entered: 02/02/2024) |
| 02/02/2024 | 39 | TEXT ORDER granting 38 Iowa City Defendants' Motion for Additional Time to Answer and/or Respond to Complaint. Plaintiff opposes this request. The Court finds good cause to extend Defendants City of Iowa City's and Ian Alke's time to answer or otherwise respond to the Complaint 1 to 3/29/2024. Signed by Magistrate Judge William P. Kelly on 2/2/2024. (djs) (Entered: 02/02/2024) |
| 02/09/2024 | 40 | NOTICE of Appearance by Brandon Wayne Lobberecht on behalf of Boulder, Colorado (Lobberecht, Brandon) (Entered: 02/09/2024) |
| 02/09/2024 | 41 | MOTION for Leave to Appear Pro Hac Vice Receipt Number: AIASDC−5370689 Fee paid in the amount of $100. by Boulder, Colorado. (Lobberecht, Brandon) (Entered: 02/09/2024) |
| 02/12/2024 | 42 | TEXT ORDER granting 41 Motion for Leave to Appear Pro Hac Vice Luis Toro. Signed by Magistrate Judge William P. Kelly on 2/12/2024. (nla) (Entered: 02/12/2024) |
| 02/12/2024 | 43 | Unresisted MOTION for Extension of Time to File *Responsive Pleading* by Boulder, Colorado.Motions referred to William P. Kelly. Responses due by 2/26/2024. (Lobberecht, Brandon) (Entered: 02/12/2024) |
| 02/13/2024 | 44 | TEXT ORDER granting 43 Defendant City of Boulder, Colorado's Unresisted Motion for Extension of Time to File Responsive Pleading. The Court finds good cause to extend Defendant City of of Boulder's time to answer or otherwise respond to the Complaint 1 to 3/8/2024. Signed by Magistrate Judge William P. Kelly on 2/13/2024. (djs) (Entered: 02/13/2024) |
| 03/08/2024 | 45 | MOTION to Dismiss by Boulder, Colorado. Responses due by 3/22/2024. (Attachments: # 1 Brief in Support of Motion to Dismiss)(Toro, Luis) (Entered: 03/08/2024) |
| 03/20/2024 | 46 | PUBLIC DOCKET ANNOTATION: Plaintiff's account has been set up to file electronically and receive NEF notices going forward. (kjw) (Entered: 03/20/2024) |
| 03/20/2024 | 47 | MOTION to Dismiss *(Partial)* by John Good, Michael Hynes, Johnson County Sheriff's Department, Johnson County, Iowa, Janet Lyness, Demetrius Marlowe, Susi Nehring, Rachel Zimmerman Smith, David Van Compernolle. Responses due by 4/3/2024. (Attachments: # 1 Brief in Support)(Stone, Wilford) (Entered: 03/20/2024) |
| 03/20/2024 | 48 | ***ERRATA***Amended MOTION to Dismiss 47 by John Good, Michael Hynes, Johnson County Sheriff's Department, Johnson County, Iowa, Janet Lyness, Demetrius |

| | | |
|---|---|---|
| | | Marlowe, Susi Nehring, Rachel Zimmerman Smith, David Van Compernolle. Responses due by 4/3/2024. (Attachments: # 1 Brief in Support)(Stone, Wilford) Modified on 3/21/2024 (btg). . (Entered: 03/20/2024) |
| 03/29/2024 | 49 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Ian Alke, Iowa City, Iowa. Responses due by 4/12/2024. (Attachments: # 1 Brief in Support)(Craig, Elizabeth) (Entered: 03/29/2024) |
| 04/04/2024 | 50 | MOTION for Order Consistent with Amended Motion to Dismiss re 48 Amended MOTION to Dismiss , 47 MOTION to Dismiss *(Partial)* by John Good, Michael Hynes, Johnson County Sheriff's Department, Johnson County, Iowa, Janet Lyness, Demetrius Marlowe, Susi Nehring, Rachel Zimmerman Smith, David Van Compernolle.Motions referred to William P. Kelly. Responses due by 4/18/2024. (Stone, Wilford) (Entered: 04/04/2024) |
| 04/09/2024 | 51 | MOTION for Leave to File under Seal *and Ex Parte* by Emily Cohen.Motions referred to William P. Kelly. Responses due by 4/23/2024. (Cohen, Emily) (Entered: 04/09/2024) |
| 04/11/2024 | 52 | RESPONSE to Motion re 51 MOTION for Leave to File under Seal *and Ex Parte* filed by John Good, Michael Hynes, Johnson County Sheriff's Department, Johnson County, Iowa, Janet Lyness, Demetrius Marlowe, Susi Nehring, Rachel Zimmerman Smith, David Van Compernolle. Replies due by 4/18/2024.(Stone, Wilford) (Entered: 04/11/2024) |
| 04/12/2024 | 53 | RESPONSE to Motion re 51 MOTION for Leave to File under Seal *and Ex Parte* filed by Michael Dougherty, Adam Kendall. Replies due by 4/19/2024.(Mayberry, Colin) (Entered: 04/12/2024) |
| 04/23/2024 | 54 | RESPONSE to Motion re 51 MOTION for Leave to File under Seal *and Ex Parte* filed by Darren Cantor, Lindy Frolich, Steven Howard. Replies due by 4/30/2024.(Williams, Paxton) (Entered: 04/23/2024) |
| 04/29/2024 | 55 | ORDER denying 51 Plaintiff's Motion for Leave to File Ex Parte and Under Seal. See Order for particulars. Signed by Magistrate Judge William P. Kelly on 4/29/2024. (djs) (djs). (Entered: 04/29/2024) |
| 04/29/2024 | 56 | MOTION Motion for Declaratory Relief *MOTION FOR DECLARATORY RELIEF* by Emily Cohen.Motions referred to William P. Kelly. Responses due by 5/13/2024. (Cohen, Emily) (Entered: 04/29/2024) |
| 05/03/2024 | 57 | RESPONSE to Motion re 56 MOTION Motion for Declaratory Relief *MOTION FOR DECLARATORY RELIEF* filed by John Good, Michael Hynes, Johnson County Sheriff's Department, Johnson County, Iowa, Janet Lyness, Demetrius Marlowe, Susi Nehring, Rachel Zimmerman Smith, David Van Compernolle. Replies due by 5/10/2024.(Stone, Wilford) (Entered: 05/03/2024) |
| 08/21/2024 | 58 | ORDER granting Defendants' Motions to Dismiss 27 , 30 , 45 , 47 , 49 , 50 . Plaintiff's Motion for Declaratory Judgment 56 is denied. See Order for details. Signed by Chief Judge Stephanie M. Rose on 8/21/2024. (mne) (Entered: 08/21/2024) |
| 08/21/2024 | 59 | JUDGMENT in favor of Boulder County Sheriff's Office, Boulder County, Colorado, Boulder, Colorado, Does, Iowa City, Iowa, Johnson County Sheriff's Department, Johnson County, Iowa, Adam Kendall, Alec Garnett, Andrew Hartman, Anne Kelly, Chris Merkle, Darren Cantor, David Van Compernolle, Demetrius Marlowe, Dinsmore Tuttle, Elizabeth Rothrock, Gregory Lyman, Ian Alke, Jane Walsh, Janet Lyness, John |

| | | |
|---|---|---|
| | | Good, Kathleen Sinnot, Kati Rothgery, Kristine Weisbach, Lindy Frolich, Mary Claire Mulligan, Michael Dougherty, Michael Hynes, Michelle Sudano, Nancy Salamone, Rachel Zimmerman Smith, Robert Werking, Stanley Garnett, Steven Howard, Susi Nehring, Thomas Mulvahill, Will Mulligan against Emily Cohen. Signed by Chief Judge Stephanie M. Rose on 8/21/2024. (btg) (Entered: 08/21/2024) |
| 08/22/2024 | 60 | NOTICE OF APPEAL as to 59 Judgment,,, 58 Order on Motion to Dismiss, Order on Motion to Dismiss/Lack of Jurisdiction,,, Order on Motion to Dismiss for Failure to State a Claim, Order on Motion for Miscellaneous Relief, by Emily Cohen. (Cohen, Emily) (Entered: 08/22/2024) |
| 08/23/2024 | 61 | MOTION for Bond by John Good, Michael Hynes, Johnson County Sheriff's Department, Johnson County, Iowa, Janet Lyness, Demetrius Marlowe, Susi Nehring, Rachel Zimmerman Smith, David Van Compernolle.Motions referred to William P. Kelly. Responses due by 9/6/2024. (Attachments: # 1 Brief in Support, # 2 Affidavit)(Stone, Wilford) (Entered: 08/23/2024) |
| 09/03/2024 | 62 | NOTIFICATION OF APPEAL and NOA Supplement by District Court Clerk to USCA re 60 Notice of Appeal, filed on 8/22/2024. (vr) (Entered: 09/03/2024) |
| 09/03/2024 | 63 | RESPONSE to Motion re 61 MOTION for Bond filed by Emily Cohen. Replies due by 9/10/2024.(Cohen, Emily) (Entered: 09/03/2024) |
| 09/05/2024 | 64 | USCA Case Number 24−2805 for 60 Notice of Appeal, filed by Emily Cohen. (vr) (Entered: 09/05/2024) |
| 09/05/2024 | 65 | ORDER of USCA advising Appellant is to pay fee or motion for IFP to avoid dismissal as to 60 Notice of Appeal, filed by Emily Cohen. (vr) (Entered: 09/05/2024) |
| 09/06/2024 | 66 | REPLY re 61 MOTION for Bond filed by John Good, Michael Hynes, Johnson County Sheriff's Department, Johnson County, Iowa, Janet Lyness, Demetrius Marlowe, Susi Nehring, Rachel Zimmerman Smith, David Van Compernolle.(Stone, Wilford) (Entered: 09/06/2024) |
| 09/09/2024 | 67 | ORDER granting 61 Defendants' Motion for Bond. See Order for details. Signed by Chief Judge Stephanie M. Rose on 9/9/2024. (mne) (Entered: 09/09/2024) |
| 09/09/2024 | 68 | NOTICE OF APPEAL as to 67 Order on Motion for Bond by Emily Cohen. (Cohen, Emily) (Entered: 09/09/2024) |
| 10/08/2024 | 69 | ORDER of USCA regarding fee as to 60 Notice of Appeal, filed by Emily Cohen. (vr) (Entered: 10/08/2024) |
| 10/08/2024 | 70 | NOTIFICATION OF APPEAL and NOA Supplement by District Court Clerk to USCA re 68 Notice of Appeal filed on 9/9/2024. (vr) (Entered: 10/08/2024) |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | | |
|---|---|---|
| EMILY COHEN, | ) | Case No. 3:23-cv-00073-SMR-WPK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| IOWA CITY, IOWA, JOHNSON COUNTY | ) | |
| SHERIFF'S DEPARTMENT, JOHNSON | ) | |
| COUNTY, IOWA, IAN ALKE, MICHAEL | ) | |
| HYNES, JOHN GOOD, DEMETRIUS | ) | |
| MARLOWE, JANET LYNESS, RACHEL | ) | |
| ZIMMERMAN SMITH, SUSI NEHRING, | ) | ORDER ON MOTIONS TO DISMISS |
| DAVID VAN COMPERNOLLE, DOES, | ) | |
| BOULDER, COLORADO, BOULDER | ) | |
| COUNTY SHERIFF'S OFFICE, BOULDER | ) | |
| COUNTY, COLORADO, ANDREW | ) | |
| HARTMAN, ANNE KELLY, MICHAEL | ) | |
| DOUGHERTY, MICHELLE SUDANO, | ) | |
| ADAM KENDALL, KRISTINE | ) | |
| WEISBACH, CHRIS MERKLE, | ) | |
| ELIZABETH ROTHROCK, THOMAS | ) | |
| MULVAHILL, NANCY SALAMONE, | ) | |
| STEVEN HOWARD, DINSMORE | ) | |
| TUTTLE, GREGORY LYMAN, LINDY | ) | |
| FROLICH, DARREN CANTOR, MARY | ) | |
| CLAIRE MULLIGAN, WILL MULLIGAN, | ) | |
| ROBERT WERKING, KATHLEENN | ) | |
| SINNOT, STANLEY GARNETT, ALEC | ) | |
| GARNETT, JANE WALSH, and KATI | ) | |
| ROTHGERY, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Emily Cohen filed this *pro se* complaint against thirty-nine Defendants, mostly municipalities and government employees, located in Iowa and Colorado.  She brings claims pursuant to 28 U.S.C. § 1983 alleging constitutional violations against Defendants arising from her arrest on November 2, 2021.  Cohen was arrested and incarcerated in Iowa City pursuant to a

bench warrant issued by a Colorado state court due to her failure to appear in person at a criminal proceeding in the Colorado state court.

The lengthy complaint contains 204 paragraphs of factual allegations. Numerous Defendants have moved to dismiss. [ECF Nos. 27, 30, 45, 47, 49, 50]. Defendants Michael Dougherty, Adam Kendall, Darren Cantor, Lindy Frolich, Judge Stephen Howard, the City of Boulder all move to dismiss for failure to state a claim, arguing that the Court lacks personal jurisdiction over them as residents of Colorado. [ECF Nos. 27, 30, 45]. Defendants Johnson County Sheriff's Department, Johnson County, Iowa, Michael Hynes, John Good, Demetrius Marlowe, Janet Lyness, Rachel Zimmermann Smith, Susie Nehring, and David Van Compernolle filed a joint motion to dismiss. [ECF No. 48]. Cohen has failed to resist all the motions to date.

Upon review of the briefs in support of the motions, the Court concludes that they should be GRANTED for the reasons stated therein. Defendants' Motions to Dismiss are GRANTED. [ECF Nos. 27, 30, 45, 47, 49, 50]. Cohen's Motion for Declaratory Relief is DENIED. [ECF No. 56]. Although none of the remaining 22 Defendants have entered an appearance in this case, the docket does not reflect that Cohen has served them with process. Accordingly, this case is DISMISSED.

IT IS SO ORDERED.

Dated this 21st day of August, 2024.

_____
STEPHANIE M. ROSE, CHIEF JUDGE
UNITED STATES DISTRICT COURT

-2-

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF IOWA

**CIVIL NUMBER:**

Plaintiff(s),

v.                               **JUDGMENT IN A CIVIL CASE**

Defendant(s),

    **JURY VERDICT.**  This action came before the Court for trial by jury.  The issues have been tried and the jury has rendered its verdict.

    **DECISION BY COURT**.  This action came before the Court.  The issues have been considered and a decision has been rendered.

    **IT IS ORDERED AND ADJUDGED**:

Date:

                 CLERK, U.S. DISTRICT COURT

                 _____

                 By: Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | | |
|---|---|---|
| EMILY COHEN, | ) | Case No. 3:23-cv-00073-SMR-WPK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| IOWA CITY, IOWA, JOHNSON COUNTY | ) | |
| SHERIFF'S DEPARTMENT, JOHNSON | ) | |
| COUNTY, IOWA, IAN ALKE, MICHAEL | ) | |
| HYNES, JOHN GOOD, DEMETRIUS | ) | |
| MARLOWE, JANET LYNESS, RACHEL | ) | |
| ZIMMERMAN SMITH, SUSI NEHRING, | ) | ORDER ON MOTION FOR APPEAL |
| DAVID VAN COMPERNOLLE, DOES, | ) | BOND |
| BOULDER, COLORADO, BOULDER | ) | |
| COUNTY SHERIFF'S OFFICE, | ) | |
| BOULDER COUNTY, COLORADO, | ) | |
| ANDREW HARTMAN, ANNE KELLY, | ) | |
| MICHAEL DOUGHERTY, MICHELLE | ) | |
| SUDANO, ADAM KENDALL, KRISTINE | ) | |
| WEISBACH, CHRIS MERKLE, | ) | |
| ELIZABETH ROTHROCK, THOMAS | ) | |
| MULVAHILL, NANCY SALAMONE, | ) | |
| STEVEN HOWARD, DINSMORE | ) | |
| TUTTLE, GREGORY LYMAN, LINDY | ) | |
| FROLICH, DARREN CANTOR, MARY | ) | |
| CLAIRE MULLIGAN, WILL | ) | |
| MULLIGAN, ROBERT WERKING, | ) | |
| KATHLEENN SINNOT, STANLEY | ) | |
| GARNETT, ALEC GARNETT, JANE | ) | |
| WALSH, and KATI ROTHGERY, | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is a Motion by Defendants Johnson County Sheriff's Department,

Johnson County, Iowa, Michael Hynes, John Good, Demetrius Marlowe, Janet Lyness, Rachel

Zimmermann Smith, Susie Nehring, and David Van Compernolle seeking the imposition of a

bond pending appeal by Plaintiff Emily Cohen. They argue that the appeal is frivolous, without

1

foundation, and has no basis in law or fact.  Defendants request the Court set the bond amount at $5,000 to secure the reasonable fees and costs they may incur as a result of defending the appeal. Cohen resists the motion, asserting her position that her claims are meritorious.  She further asserts that she is indigent and any appeal bond would pose an obstacle to her appeal.

## I.      DISCUSSION

Cohen filed this case bringing a variety of constitutional claims against all of the above-caption Defendants.  [ECF No. 1].  The Court dismissed the complaint in its entirety after Cohen failed to respond to the multiple motions to dismiss and did not serve approximately half of the 39 named Defendants.  [ECF No. 58].  The Defendants here argue an appeal bond is appropriate in this case to allow them to recoup their costs in defending the appeal if the appeal is unsuccessful.  [ECF No. 61-1].

### A.   *Federal Rule of Appellate Procedure 7*

Federal Rule of Appellate Procedure 7 permits a district court to "require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal."  Fed. R. App. P. 7.  Appeal costs are limited to those "that a successful appellate litigant can recover pursuant to a specific rule or statute."  *In re Target Corp. Customer Data Sec. Breach Litig.*, 847 F.3d 608, 615 (8th Cir. 2017) (citation omitted).  Case law on this issue is limited, but courts have typically used four factors to determine the necessity of a Rule 7 bond. "These factors are (1) the appellant's financial ability, (2) the risk of nonpayment if the appeal is unsuccessful, (3) the merits of the appeal and (4) bad faith on the part of the appellants." *McElree v. City of Cedar Rapids, Iowa*, No. C17-144-LTS, 2019 WL 3806370, at *1 (N.D. Iowa Aug. 13, 2019) (collecting cases).

-2-

In *McElree*, United States District Court Judge Leonard T. Strand of the United States District Court for the Northern District of Iowa found that "[t]he Eighth Circuit has not specifically dealt with the issue of anticipated attorney fees in ordering appeal bonds." *Id*. at *3. However, Judge Strand noted that the Eighth Circuit has previously looked to cases from the United States Courts of Appeals for the Ninth Circuit and Eleventh Circuit in determining that "'costs on appeal' are limited to those that can only be recovered pursuant to a specific rule or statute." *Id*. (citing *In re Target*, 847 F.3d at 615); *see also Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 953 (9th Cir. 2007); *Pedraza v. United Guar. Corp.*, 313 F.3d 1323, 1333 (11th Cir. 2002)). Therefore, anticipated attorney's fees may only be included in a Rule 7 bond if those fees are recoverable as a cost under a fee-shifting statute. *Id*.

One such statute providing for fee-shifting is 42 U.S.C. § 1988. Section 1988 could be applicable in this case because Cohen has asserted claims under 42 U.S.C. § 1983, which applies Section 1988 as a fee shifting statute.[1] In *Pedraza*, the Eleventh Circuit expressly held that attorney's fees may be included in a Rule 7 bond under Section 1988 because it provides for "a reasonable attorney's fee as part of the costs." 313 F.3d at 1333. As Judge Strand observed, district courts are not obligated to include attorney's fees in an appeal bond and should not do so if it "create[s] an 'impermissible barrier to appeal' by being overly burdensome." *McElree*, 2019 WL 3806370, at *4 (quoting *In re Target*, 847 F.3d at 615).

---

[1] Section 1988 "authorizes a district court to award attorney's fees to a defendant 'upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation.'" *Fox v. Vice*, 563 U.S. 826, 833 (2011) (quoting *Christianburg Garment v. EEOC*, 434 U.S. 412, 421 (1978)).

-3-

## B.  Analysis

With those principles and factors in mind, the Court finds that an appeal bond is appropriate in this case.  The first factor is Cohen's financial ability.  Defendants contend that she appears to be employed and likely has sufficient assets to post a reasonable appeal bond.  [ECF No. 61-1 at 4].  Cohen also did not seek *in forma pauperis* status or otherwise plead indigency at the outset of the case.  Indeed, she paid hundreds of dollars in filings fees in this case and other cases in different federal district courts.  Defendants express their concern that Cohen may not be willing to pay any assessed costs if she loses her appeal, leading to "a very real possibility" that they will not recover their costs.  [ECF No. 61-1 at 4].

Another important factor in considering whether an appeal bond is appropriate is the merits of Cohen's appeal.  The Court concluded that the Complaint failed to state a claim upon which relief could be granted.  [ECF No. 58].  Despite months to do so, Cohen wholly failed to resist or otherwise respond to the six motions to dismiss that were pending.  Notwithstanding her status as a self-represented party[2], Cohen is not excused from complying with the Federal Rules of Civil Procedure or the Local Rules.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (holding that a litigant's *pro se* status does not exempt them from complying with the Federal Rules of Civil Procedure or Local Rules).  Furthermore, the likelihood of success on appeal is very low.

The Complaint contains manifest deficiencies.  Cohen names numerous out-of-state Defendants without alleging sufficient contacts with Iowa in order for the Court to exercise personal jurisdiction.  *See Whaley v. Esebag*, 946 F.3d 447, 451 (8th Cir. 2020) (explaining that the Due Process Clause requires "minimum contacts" with a forum state before personal

---

[2] The record indicates that Cohen was previously a licensed attorney.

-4-

jurisdiction may be exercised over a defendant). Furthermore, the Complaint does not constitute a "short and plain statement" for relief as required under Rule 8 of the Federal Rules of Civil Procedure. It is a 204-paragraph long pleading that contains conclusory factual allegations, rote statements of the elements for a claim, legal conclusions, and argument. Many of the claims are not proper causes of action against government entities or government employees. Cohen makes no attempt to distinguish between Defendants when asserting claims for First Amendment violations or violations of the Americans with Disabilities Act or the Rehabilitation Act.

All of these shortcomings were identified by multiple Defendants in the motions to dismiss, the last of which was filed on March 29, 2024. [ECF No. 48]. Rather than respond to the pending motions, Cohen filed a motion seeking leave to file *ex parte* and under seal "confidential information that is protected by federal statute." [ECF No. 51]. United States Magistrate Judge William P. Kelly properly denied the motion for leave in part because Cohen failed to cite any legal authority to permit her to file *ex parte* or explain why she sought leave to do so. [ECF No. 55 at 4].

Cohen then filed a motion styled as a "motion for declaratory relief" wherein she asked for the Court to "declare the specific obligations" of the Southern District of Iowa in accommodating her disabilities. [ECF No. 56]. In her motion, she avers that she is an individual with a disability as defined under the ADA and Section 504 of the Rehabilitation Act. *Id.* ¶ 1. Cohen details that she had been in communications with the Clerk of Court for the United States District Court for the Southern District of Iowa including her requested accommodations. *Id.* ¶ 4. No other document was filed before the Court dismissed the case.

The final factor is whether the appeal is taken in good faith. *McElree*, 2019 WL 3806370, at \*3. In her resistance to the motion for bond, Cohen asserts that her motion for declaratory

judgment is "critical to ensuring [her] rights to access due process." [ECF No. 63 at 2]. She does not cite any legal authority for her contentions. In fact, Cohen has a history of filing similar dubious claims against many of the same Defendants.[3] Her litigation history in Colorado undermines any presumption of good faith including her candor to the Court. *See Cohen v. Howard*, 2024 WL 2137944, at *4–5 (discussing the inconsistencies in Cohen's representations including "her assertion that she hasn't been convicted of any crime" and finding it "highly misleading" that she claimed to have been granted disability inactive status for her law license when "she was later disbarred"). Cohen was a practicing attorney before she was disbarred. Her familiarity with the pleadings requirements of the Federal Rules of Civil Procedure should be presumed unlike most *pro se* plaintiffs. Nevertheless, virtually all of her cases have been dismissed for failure to comply with Rule 8 or other fundamental procedural rules. *See Hartman*, 2024 WL 4027944, at *2 (noting that Cohen had notice that her complaint was subject to dismissal for pleading deficiencies "given that Plaintiff was formerly an attorney, and given that

---

[3] Most of these cases were filed in the United States District Court for the District of Colorado. *See, e.g., Cohen v. Hartman*, Civil Action No. 22-cv-0773-WJM-JPO, 2024 WL 4027944 (D. Colo. Sept. 3, 2024) (adopting recommendation of magistrate judge to dismiss complaint over Cohen's protestations that her ADA claims were "undisputed"); *Cohen v. Howard*, Civil Action No. 23-cv-02104-LTB-SBP, 2024 WL 2138088 (D. Colo. May 10, 2024) (dismissing ADA claims against numerous defendants as abusive, duplicative, and/or frivolous); *Cohen v. Hartman*, Civil Action No. 22-cv-0773-WJM-JPO, 2023 WL 5431935 (D. Colo. Aug. 23, 2023) (denying emergency motion for temporary restraining order pertaining to a state criminal proceeding where she alleged, among other things, defendants "denied 'entry of her service dog'" to a local courthouse).

The Colorado Court of Appeals recently affirmed Cohen's criminal conviction for theft. *People v. Cohen*, No. 22CA0077, 2024 WL 3872911 (Colo. Ct. App. July 11, 2024). The proceedings in that case reflect similar claims and allegations as Cohen has levied here. The district court judge remarked that Cohen has a "history of hiding behind supposed medical ailments to avoid appearing in court" before holding her in contempt for failure to appear. *Id*. at 2. The criminal proceedings in Colorado are at the center of Cohen's allegations in this case because her pre-trial bond was revoked after the Colorado court found probable cause that she "forged" a doctor's note stating she was positive for COVID-19. *Id*. at 3.

at least one other case filed by Plaintiff" was similarly subject to dismissal); *Hartman*, 2023 WL 5431935, at *2 (observing that motion for emergency relief was "a rambling, histrionic litany of paragraphs that jump from topic to topic"); *Cohen v. Roth Law, LLC*, Civil Action No. 21-cv-01568-LTB-GPG, 2021 WL 7368207 (D. Colo. Sept. 2, 2021) (dismissing claims as legally frivolous).

She makes an unsupported assertion that federal law mandates that individuals with disabilities receive "necessary modifications" to ensure their participation in legal proceedings, including "the appointment of counsel as a reasonable accommodation."  [ECF No. 63 at 3]. According to Cohen, "the failure to provide such accommodations . . . is a violation of the ADA and Section 504 of the Rehabilitation Act."  *Id.*  This is an incorrect statement of law.  The ADA does not apply to the federal government.  *See* 42 U.S.C. § 12131(1).  By its plain terms, Section 504 has no application to the federal courts.  Section 504 of the Rehabilitation Act prohibits disability discrimination "under any program or activity conducted by any Executive agency or the United States Postal Service."  29 U.S.C. § 794(a).  It is clearly established that a *pro se* plaintiff does not have a right to appointed counsel in a civil case.  *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).  Federal law does allow a district judge to appoint counsel in a civil case "if convinced that an indigent plaintiff has stated a non-frivolous claim."  *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018).  However, that is plainly not the case here.  An appeal bond, not court-appointed counsel, is appropriate.

## II.    CONCLUSION

For the reasons discussed above, the Court concludes that an appeal bond should be set in this case.  The bond must be deposited with the Court pending appeal to secure any amounts to which Defendants may be entitled.  Accordingly, the motion for an appeal bond is GRANTED.

-7-

[ECF No. 61].  The Court directs Cohen to deposit a cash bond in the amount of $5,000 with the Clerk of Court for the Southern District of Iowa by **September 20, 2024** if she wishes to proceed with her appeal.

    IT IS SO ORDERED.

    Dated this 9th day of September, 2024.

    _____
    STEPHANIE M. ROSE, CHIEF JUDGE
    UNITED STATES DISTRICT COURT

-8-

# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

EMILY COHEN
Plaintiff/Petitioner - Appellant,

  v.

Iowa City, Iowa, an Iowa
municipality, et al.,

Defendants/Respondent -
Appellees.

Case No. _____
U.S. District Court
Southern District of Iowa
Case Action
Number 3:23-cv-00073-SMR-
WPK

## <u>NOTICE OF APPEAL FROM AN APPEALABLE ORDER</u>

Plaintiff appeals to the United States Court of Appeals for the

Eighth Circuit, pursuant to its jurisdiction to exercise review under 28

U.S.C. § 1291 and the collateral order doctrine, as the "Order on Motion

for Appeal Bond" entered on September 9, 2024, denies accommodation

for communication disabilities, denies appointment of counsel, and states on its face that it orders a punitive appeal bond in retaliation for Plaintiff-Appellant having requested communication disability access accommodations in the District Court, which it summarily denied at the same time it dismissed the entire case, which was error and is on appeal.

The Order conclusively determines communication disability access accommodations, appointment of counsel, a bond requirement, and a bond amount.  These disputed issues are all separate from the merits of the case and would be effectively unreviewable upon final judgment, as they address the procedural requirements for securing the appeal rather than the substantive claims in dispute on appeal.

The Order is effectively unreviewable on appeal from a final judgment, as requiring compliance with the bond order now would be impossible, as Plaintiff-Appellant does not have the bond amount ordered.  The bond requirement therefore denies the appellant the ability to pursue the appeal, causing irreparable harm.  In fact, the Order misstates the procedural history of the underlying cases, leaves out important appellate and collateral review facts, misquotes cases pending

2

in Colorado, and states on its face that it is requiring a bond *because*

Plaintiff-Appellant needs communication disability accommodations.

## Part 1: Identify the appellant(s)

1. Name(s) of appellant(s): EMILY COHEN

2. Position of appellant(s) in the adversary proceeding:  PLAINTIFF


## Part 2: Identify the subject of this appeal

1. Describe the judgment, order, or decree appealed from: "Order on Motion for Appeal Bond"

2. State the date on which the judgment, order, or decree was entered: September 9, 2024


## Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

CITY OF IOWA CITY, IOWA
410 E Washington Street
Iowa City, IA 52240

JOHNSON COUNTY, IOWA
417 S. Clinton Street
Iowa City, IA 52240

JOHNSON COUNTY
SHERIFF'S OFFICE
511 S Capitol Street
Iowa City, IA 52244

IAN ALKE
410 E Washington Street
Iowa City, IA 52240

3

MICHAEL HYNES
410 E Washington Street
Iowa City, IA 52240
JOHN GOOD
410 E Washington Street
Iowa City, IA 52240

DEMETRIUS MARLOWE
410 E Washington Street
Iowa City, IA 52240

JANET LYNESS
500 S. Clinton Street, Suite 400
Iowa City, IA 52244

RACHEL ZIMMERMAN SMITH
500 S. Clinton Street, Suite 400
Iowa City, IA 52244

SUSI NEHRING
500 S. Clinton Street, Suite 400
Iowa City, IA 52244
DAVID VAN COMPERNOLLE
500 S. Clinton Street, Suite 400
Iowa City, IA 52244

CITY OF BOULDER,
COLORADO
1777 Broadway Street
Boulder, CO 80302

BOULDER COUNTY
SHERIFF'S OFFICE
5600 Flatiron Parkway
Boulder, CO 80301

BOULDER COUNTY,
COLORADO
1325 Pearl Street
Boulder, CO 80302

ANDREW HARTMAN
1777 Broadway Street
Boulder, CO 80302

ANNE KELLY
1777 Broadway Street
Boulder, CO 80302

**Colin Mayberry**
Assistant County Attorney
Boulder County Attorney's Office
1777 Broadway Street
Boulder, CO 80302
(303) 441-3855
cmayberry@bouldercounty.org
*Counsel for:*
MICHAEL DOUGHERTY
1777 Broadway Street
Boulder, CO 80302; and
ADAM KENDALL
1777 Broadway Street
Boulder, CO 80302.

MICHELLE SUDANO
1777 Broadway Street
Boulder, CO 80302

KRISTIN WEISBACH
1777 Broadway Street
Boulder, CO 80302

4

CHRIS MERKLE
1777 Broadway Street
Boulder, CO 80302

ELIZABETH ROTHROCK
1777 Broaway Street
Boulder, CO 80302

THOMAS MULVAHILL
1777 Broadway Street
Boulder, CO 80302

NANCY SALAMONE
1777 Broadway Street
Boulder, CO 80302

DINSMORE TUTTLE
1777 Broadway Street
Boulder, CO 80302

GREGORY LYMAN
1777 Broadway Street
Boulder, CO 80302

**Paxton J. Williams**
666 Walnut Street, Suite 2000
Des Moines, Iowa 50309-3989
Direct Dial: (515) 283-4638
Fax: (515) 558-0638
Email: pjwilliams@belinmccormi
ck.com
*Counsel for:*
LINDY FROLICH
1300 Broadway Street, Suite 330
Denver, CO 80203;
DARREN CANTOR
1300 Broadway Street, Suite 330
Denver, CO 80203;

and
STEVEN HOWARD
1777 Broadway Street
Boulder, CO 80302.

MARY CLAIRE MULLIGAN
1300 Broadway Street, Suite 330
Denver, CO 80203

WILL MULLIGAN
1300 Broadway Street, Suite 330
Denver, CO 80203

ROBERT WERKING
1300 Broadway Street, Suite 330
Denver, CO 80203

KATHLEEN SINNOTT
1300 Broadway Street, Suite 330
Denver, CO 80203

STANLEY GARNETT
1777 Broadway Street
Boulder, CO 80302

ALEC GARNETT
200 E. Colfax Ave., Rm. 136
Denver, CO 80203

JANE WALSH
1777 Broadway Street
Boulder, CO 80302

KATI ROTHGERY
1300 Broadway Street, Suite 500
Denver, CO 80203

5

**<u>Part 5: Sign below</u>**

_____

(Signature)

Date: <u>September 9, 2024</u>

 Name, address, and telephone number:

Emily Cohen
820 Maggard St.
Iowa City, IA 52240
(319) 541-4577

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF IOWA**

# Notice of Appeal Supplement

Case Name: _____ vs. _____

District Court Case Number: _____

Appeal Fee (605.00) Status:  Pd _____ IFP _____ Pending _____ Government Appeal _____ Counsel:

Appointed _____ CJA _____ Retained _____ Pro Se _____ Pro Bono _____

*Reminder: CJA appointed counsel will need to complete their AUTH 24 form thru CJA eVoucher.

Appeal filed by: Counsel _____ Pro Se _____

Any reason why counsel should not be appointed: _____

Certificate of Appealability: Denied _____ Granted _____ Not Issue _____

Pending post Judgment motions: Yes _____ No _____

If so, type of motion(s) and docket entry number:

_____

High Public Interest Case: Yes _____ No _____

Simultaneous Opinion release Requested: Yes _____ No _____

Trial Held: Bench _____ Jury _____ No _____

Court Reporter: Yes _____ No _____

Reporter's Name: _____

Appealing: Order prior to final judgment ___ or final judgment _____

***File this form with the Notice of Appeal***