IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

| | |
|---|---|
| EMILY COHEN,<br><br>    Plaintiff,<br><br>v.<br><br>IOWA CITY, IOWA, an Iowa municipality, JOHNSON COUNTY SHERIFF'S DEPARTMENT, JOHNSON COUNTY, IOWA, IAN ALKE, et al.,<br><br>    Defendants. | NO. 24-2805<br>     24-3060<br><br>**CITY DEFENDANTS' RESPONSE TO PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS** |

Defendants/Appellees Johnson County Sheriff's Department, Johnson County, Iowa, Michael Hynes, John Good, Demetrius Marlowe, Janet Lyness, Rachel Zimmermann Smith, Susie Nehring and David Van Compernolle ("Johnson County Defendants"), submit this Response to Plaintiff/Appellant's application to proceed in forma pauperis and state:

A. The Court Should Question the Veracity of Plaintiff/Appellant's Application and Candor to the Court

On August 21, 2024, the district court entered an order on the collective defendants' motions to dismiss granting same and entering judgment in favor of the collective defendants. (Doc. 58). The primary reason behind the Court's ruling was that the Plaintiff/Appellant, Emily Cohen ("Ms. Cohen")

1

Appellate Case: 24-3060    Page: 1    Date Filed: 03/06/2025 Entry ID: 5493028

failed to file a resistance to any of the various motions to dismiss pending before the district court. *Id.* at 2. Nevertheless, on August 22, 2024, Ms. Cohen filed a notice of appeal. (Doc. 60). Given the Court's dismissal order and Ms. Cohen's failure to resist any of the pending motions to dismiss despite having substantial time to do so, the Johnson County Defendants filed a motion for appeal bond on August 23, 2024. (Doc. 61). On September 3, 2024, Ms. Cohen filed a resistance to County Defendants' motion for appeal bond arguing primarily that (1) Plaintiff is indigent and (2) that the district court failed to rule on Ms. Cohen's pending application for appointed counsel. (Doc. 63, at 2).

In her resistance to the Johnson County Defendant's motion for appeal bond, Ms. Cohen baldly asserted that she was indigent and included no additional facts or evidence, such as a financial affidavit, to support her statement. (Doc. 63, at 2). At the time, the record was void of any of the traditional evidence suggesting indigency. There was no application to proceed informa pauperis on file nor did Ms. Cohen file an application to waive the appellate filing fees and costs. Ms. Cohen also made no mention of needing enlarged font or a specialized in forma pauperis form in her resistance to the motion for appeal bond.

In her September 9, 2024, order on motion for appeal bond, Chief Judge Stephanie Rose expressed a great deal of skepticism regarding Ms. Cohen's claims. (Doc. 67). Looking at Ms. Cohen's financial ability, Chief Judge Rose expressly noted that "Cohen also did not seek *in forma pauperis* status or otherwise plead indigency at the outset of case. Indeed, she paid hundreds of dollars in filings fees in this case and other cases in different federal district courts." *Id.* at 4. Chief Judge Rose also expressed doubts about whether or not Ms. Cohen was making her appeal in good faith.

> In her resistance to the motion for bond, Cohen asserts that her motion for declaratory judgment is "critical to ensuring [her] rights to access due process." [ECF No. 63 at 2]. She does not cite any legal authority for her contentions. In fact, Cohen has a history of filing similar dubious claims against many of the same Defendants. Her litigation history in Colorado undermines any presumption of good faith including her candor to the Court. *See Cohen v. Howard*, 2024 WL 2137944, at *4–5 (discussing the inconsistencies in Cohen's representations including "her assertion that she hasn't been convicted of any crime" and finding it "highly misleading" that she claimed to have been granted disability inactive status for her law license when "she was later disbarred"). Cohen was a practicing attorney before she was disbarred. Her familiarity with the pleadings requirements of the Federal Rules of Civil Procedure should be presumed unlike most *pro se* plaintiffs. Nevertheless, virtually all of her cases have been dismissed for failure to comply with Rule 8 or other fundamental procedural rules. *See Hartman*, 2024 WL 4027944, at *2 (noting that Cohen had notice that her complaint was subject to dismissal for pleading deficiencies "given that Plaintiff was formerly an attorney, and given that at least one other case filed by Plaintiff" was similarly subject to dismissal); *Hartman*, 2023 WL 5431935, at *2 (observing that motion for emergency relief was "a rambling, histrionic litany of paragraphs

that jump from topic to topic"); *Cohen v. Roth Law, LLC*, Civil Action No. 21-cv-01568-LTB-GPG, 2021 WL 7368207 (D. Colo. Sept. 2, 2021) (dismissing claims as legally frivolous).

*Id.* at 6. Chief Judge Rose also included a footnote that is relevant to this Court's consideration of Ms. Cohen's application to proceed in forma pauperis.

> Most of these cases were filed in the United States District Court for the District of Colorado. *See, e.g., Cohen v. Hartman*, Civil Action No. 22-cv-0773-WJM-JPO, 2024 WL 4027944 (D. Colo. Sept. 3, 2024) (adopting recommendation of magistrate judge to dismiss complaint over Cohen's protestations that her ADA claims were "undisputed"); *Cohen v. Howard*, Civil Action No. 23-cv-02104-LTB-SBP, 2024 WL 2138088 (D. Colo. May 10, 2024) (dismissing ADA claims against numerous defendants as abusive, duplicative, and/or frivolous); *Cohen v. Hartman*, Civil Action No. 22-cv-0773-WJM-JPO, 2023 WL 5431935 (D. Colo. Aug. 23, 2023) (denying emergency motion for temporary restraining order pertaining to a state criminal proceeding where she alleged, among other things, defendants "denied 'entry of her service dog'" to a local courthouse).
>
> The Colorado Court of Appeals recently affirmed Cohen's criminal conviction for theft. *People v. Cohen*, No. 22CA0077, 2024 WL 3872911 (Colo. Ct. App. July 11, 2024). The proceedings in that case reflect similar claims and allegations as Cohen has levied here. The district court judge remarked that Cohen has a "history of hiding behind supposed medical ailments to avoid appearing in court" before holding her in contempt for failure to appear. *Id.* at 2. The criminal proceedings in Colorado are at the center of Cohen's allegations in this case because her pre-trial bond was revoked after the Colorado court found probable cause that she "forged" a doctor's note stating she was positive for COVID-19. *Id.* at 3.

*Id.* at 6, n. 3. In summary, the district court in this matter found numerous reasons to question the veracity of Ms. Cohen's claims which ultimately played a factor in the district court ordering Ms. Cohen to deposit an appeal bond of $5,000 with the Clerk of Court before September 20, 2024. As of the date of this response, Ms. Cohen has not posted any such appeal bond.

This Court should approach Ms. Cohen's application with the same level of skepticism that district courts in both Iowa and Colorado have afforded to her claims. As a threshold issue, Ms. Cohen's application to proceed in forma pauperis is being filed for the first time over a year after she filed her original complaint – October 31, 2023 (Doc. 1). Ms. Cohen never made any such application at the district court level. Only after the district court dismissed her complaint did Ms. Cohen begin requesting in pauperis relief. At a minimum, the timing of Ms. Cohen's request should be considered in whether or not it is being made in good faith.

Additionally, the substance of Ms. Cohen's application warrants careful consideration. The only monthly income Ms. Cohen reports is $350 from a lawsuit settlement. She reports no other assets. Nevertheless, Ms. Cohen reports $790 per month in expenses with $200 going to food and $590 going to medical and dental expenses. Obviously, this math puts Ms. Cohen underwater but yet she does not list any debt or installment payments for

5

things like a credit card. Unless Ms. Cohen is receiving income from another source, the only plausible way she'd be able to cover her expenses is on credit or other debt. No such information is provided. Also, while the Johnson County Defendants do not know if Ms. Cohen has ever applied for disability benefits, she repeatedly asserted in her original complaint (Doc. 1) that she was disabled. Indeed, Ms. Cohen allegedly applied for and received disability inactive status from the Colorado Supreme Court. (Doc. 1, at ¶ 26). On its face, this information alone would appear to entitle Ms. Cohen to some level of disability income.

If the Court grants Ms. Cohen's application to proceed in forma pauperis, it will functionally be reversing the district court's appeal bond on little more than a seven (7) page affidavit from Ms. Cohen. Ms. Cohen had almost a year to file an application to proceed in forma pauperis in the district court and failed to do so. Even when faced with a motion for appeal bond, Ms. Cohen provided no information to the district court to allow Chief Judge Rose to evaluate Ms. Cohen's financial situation. These were affirmative choices by Ms. Cohen. This Court should decline to reverse the well-reasoned order of Chief Judge Rose in establishing an appeal bond for this matter.

6

## B. The Merits of Plaintiff/Appellant's Appeal Way Heavily Against Reversing the District Court's Appeal Bond

In her Order granting the Johnson County Defendant's motion for appeal bond, Chief Judge Rose found the merits of Ms. Cohen's appeal to be seriously lacking. As a threshold issue, Chief Judge Rose noted that Ms. Cohen simply failed to file any form of resistance to the collective defendants' motions to dismiss for over six months. "Despite months to do so, Cohen wholly failed to resist or otherwise respond to the six motions to dismiss that were pending." (Doc. 67, at 4). Chief Judge Rose also identified several "manifest deficiencies" with Ms. Cohen's complaint including: naming out-of-state defendants without alleging sufficient contacts to incur personal jurisdiction; multiple paragraphs "containing conclusory factual allegations, rote statements of the elements for a claim, legal conclusions and argument;" alleging improper causes of actions against government entities and government employees; and making no attempt to distinguish between the collective defendants for alleged violations of the First Amendment, the Americans with Disabilities Act or the Rehabilitation Act. *Id.* at 4-5.

Ms. Cohen's appeal will not be able to rectify the manifest deficiencies identified by the district court. Consequently, the merits of Ms. Cohen's appeal are dubious at best which is why the district court imposed an appeal

7

bond that must be satisfied before Ms. Cohen's appeal can move forward. If this Court permits Ms. Cohen's appeal to move forward on nothing more than a short affidavit with limited information, it will effectively permit Ms. Cohen an end run around the very principles that make an appeal bond appropriate in this case. This Court should decline to grant Ms. Cohen in forma pauperis status when the merits of her appeal itself are highly suspect.

For the reasons discussed above, the Johnson County Defendants respectfully request that the Court deny Plaintiff/Appellant Emily Cohen's application to proceed in forma pauperis, require that Ms. Cohen post the appeal bond ordered by the district court, and for such additional relief as the court deems appropriate.

/s/ Wilford H. Stone
Wilford H. Stone, AT0007699
Daniel M. Morgan, AT0013452

**LYNCH DALLAS, P.C.**
526 Second Avenue SE
P.O. Box 2457
Cedar Rapids, Iowa 52406-2457
Telephone (319) 365-9101
Facsimile (319) 365-9512
E-Mail: wstone@lynchdallas.com
E-Mail: dmorgan@lynchdallas.com
ATTORNEYS FOR THE JOHNSON COUNTY DEFENDANTS

8

Appellate Case: 24-3060   Page: 8   Date Filed: 03/06/2025 Entry ID: 5493028